## CREBLER vs. EIDELBUSH.

*Discretionary orders — Setting aside judgment, to admit answer.*

1. An order setting aside a judgment, and permitting defendant to answer, on terms, is within the discretion of the circuit court, and will not be reversed unless there has been an abuse of discretion.
2. Such an order, under the circumstances of this case, *held* not to be an abuse of discretion.

APPEAL from the Circuit Court for *Washington* County.

Trespass, for breaking plaintiff's close, and carrying away and converting certain wheat. Defendant made default; and on the 30th of October, 1867, plaintiff, having filed due proof of service of summons and of the non-appearance of defendant, had the damages assessed, and judgment perfected in due form against defendant for damages and costs. On the 15th of November, plaintiff was ordered to show cause why the judgment should not be set aside, and leave granted defendant to file a verified answer, containing a general denial and an allegation that said wheat belonged to defendant. The affidavits on which this order was granted, were those of the defendant himself and one R. The latter states that, on the 20th of August, defendant showed affiant a copy of the summons in this action, informed him that it had been served that day, and requested his opinion as to its validity and plaintiff's right to bring the suit in Washington county, defendant being a resident of Sheboygan county; that affiant advised him that plaintiff had no such right, and further advised him to pay no attention whatever to the action. The affidavit further states that affiant "is an attorney at law, and has practiced the profession for several years last past, though principally in courts held by justices of the peace;" and that he believes defendant acted upon, and was misled

Crebler vs. Eidelbush.

by, his advice. The defendant's affidavit states the same facts, and also that defendant, at the time of his said conversation with R., had gone to the latter for the purpose of employing him to defend the action; and that he supposed, from the advice given him by R., that any judgment which plaintiff might obtain against him in this action would be wholly void; that defendant is a German by birth, and never before had any action of any kind in any court of record, and is entirely ignorant of the manner of conducting legal proceedings in this state. There is added the usual affidavit of merits. .

At the hearing, plaintiff read affidavits of Henry J. Weil, Paul A. Weil, and the aforesaid R. The first states that affiant is an attorney at law, and a member of the law firm of Blanchard & Weil; that defendant came to his house about ten days before the time for answering in this case had expired, and consulted affiant in the case, and affiant informed him that the service was good, and that the advice given him by R. was erroneous; and that, if he wished to defend the action, he should appear and answer, and not let the twenty days expire, etc. The second states that the affiant is a member of the law firm of Frisby & Weil, who are plaintiff's attorneys in this action; that about a week or ten days after the service of the summons herein, defendant met affiant, and told him of R.'s opinion and advice; whereupon affiant informed him that the service was good, and that, if he desired to defend the action, he had better employ an attorney, as R. was not a lawyer, etc. The further affidavit of R. states that he "did not intend to have it understood," by his former affidavit, "that he is a member of the bar, in the legal profession, for he is not; but only that he gave advice, and practiced in justice's court."

The court set aside the judgment, and permitted defendant to file his answer, on payment of all costs included in said judgment, ten dollars as costs of the

motion, and ten dollars as sheriff's fees upon the execution which had been issued on the judgment.    From this order, plaintiff appealed.

*Frisby & Weil*, for appellant, cited *Walker v. Rogan*, 1 Wis. 644.

*Thorp & Frisby*, for respondent, cited *Johnson v. Eldred*, 13 Wis. 482; *Lynde v. Verity*, 3 How. Pr. 350; *Cottrell v. Giltner*, 5 Wis. 274; *Knox v. Arnold*, 1 id. 70; *Schaetzel v. Germantown Mut. Ins. Co.*, 22 id. 412.

PAINE, J.    The order appealed from was addressed to the discretion of the court below; and it has been repeatedly decided that this court will not reverse such an order unless there was an abuse of discretion.    There was certainly none here.    It was not to be expected that the defendant should know whether a party assuming to act as a lawyer had been really admitted to the bar or not, or that he should have been able to judge, amid the conflicting advice which he received, which was the best.    It was natural enough that he should adopt that which was consonant to his own strong convictions on the subject. The case was one of mistake and excusable neglect, which fully justified the interposition of the court in his behalf, upon just terms.

*By the Court.* — The order is affirmed, with costs.